MICHAEL J. DODSWORTH, as Sole Acting Executor, etc., of MARY ANN YOUNG, Deceased, Respondent, *v.* CHRISTOFFER HANNEVIG, INC., Appellant.

Second Department, October 31, 1918.

Real property — specific performance of alleged agreement for purchase and sale — contract — letters insufficient to show meeting of minds of parties.

Where in a suit for the specific performance of an alleged agreement for the purchase and sale of real property contained in three letters made a part of the complaint, it appears that the first letter was written by the plaintiff to the defendant offering to sell on certain terms; that the second was by the defendant to the plaintiff containing a counter proposition, and that the third was a reply by the plaintiff to the defendant in which he made a condition that the amount to be placed in escrow should be a check to his order and placed with a certain trust company, to be released to him upon said company certifying a clear title, instead of "after the receipt of a clear and satisfactory title," as conditioned in defendant's letter, and there was no allegation that defendant assented to this, it cannot be said that the minds of the parties met. The complaint should be dismissed.

APPEAL by the defendant, Christoffer Hannevig, Inc., from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 2d day of May, 1918, denying its motion for judgment on the pleadings consisting of a complaint and the demurrer thereto in an action brought for specific performance of an alleged agreement for the purchase and sale of real property.

*Lawrence E. Brown*, for the appellant.

*Julius Schwartz* [*Michael Furst* with him on the brief], for the respondent.

RICH, J.:

The complaint alleges a contract contained in three letters which are made a part thereof, and the only question presented is whether these letters constitute a valid and binding contract between the parties for the purchase and sale of the

Second Department, October, 1918.          [Vol. 184.

lands described in the complaint. The first letter, Exhibit " A," is addressed to the defendant by the plaintiff, in which he offers to sell said real estate for " Two Hundred Thousand ($200,000) Dollars, to be paid for as follows: Twenty-five Thousand ($25,000) Dollars to be paid down at once on contract; and the sum of One Hundred Seventy-five Thousand ($175,000) Dollars on the closing of title which shall be no later than ninety (90) days from date, the property to be subject to a Fifty thousand ($50,000) Dollar mortgage, which can be paid off at any time, or deducted from the purchase price."

The second, Exhibit " B," is a counter proposition addressed to plaintiff by defendant, as follows: " We have your favor of even date, and in reply beg to offer you $175,000 for Mary A. Young's real estate shown on the map received, $25,000 to be placed in escrow, the balance within ninety days after the receipt of a clear and satisfactory title to the property, contract to be drawn up by our lawyer, Mr. Ralph James M. Bullowa.

" It is understood that there is a mortgage on the property of $50,000, which can remain or be paid off in our option."

To which plaintiff replied, Exhibit " C," as follows: " In reply to yours of January 21st, I beg to state that I accept your offer of $175,000 for the property of the estate of Mary A. Young, as shown on the map herewith attached entitled ' Map of the Property of Mary A. Young; ' $25,000 to be paid down on signing of contract, check to be made to my order and placed in escrow with the Title Guaranty & Trust Company in the Brooklyn office. Said amount to be released to me upon the Title Guaranty & Trust Company certifying a clear title to said property. The balance to be paid within ninety days after a report by the Title Company that a good title can be delivered. If the mortgage of $50,000 remains this amount may be deducted from the final payment."

It appears that the price is acceptable to the plaintiff and he agrees that the contract shall be drawn by defendant's lawyer. He makes it a condition, however, that the $25,000 to be placed in escrow shall be a check to his order and placed with the Title Guaranty and Trust Company, to be released to him upon the trust company certifying a clear title to the property, instead of " after the receipt of a clear and satisfactory title," as conditioned in defendant's letter, Exhibit B.

There is no allegation that defendant assented to this. Can it be said, under the circumstances, that the minds of the parties met? I think not. The offer of the defendant was not accepted in terms, and no evidence of a valid contract is disclosed.

It follows, therefore, that the order must be reversed, with ten dollars costs and disbursements, the demurrer sustained, with costs, and the complaint dismissed.

THOMAS, MILLS and KELLY, JJ., concurred; PUTNAM, J., not voting.

Order reversed, with ten dollars costs and disbursements, demurrer sustained, with costs, and complaint dismissed.